COUNT EIGHT

(18 U.S.C. §§1951(a) & 2)

From in or about April 2000, to on or about February 2001, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

VINCENT C. GIOACCHINI, A/K/A DEE DEE,

did knowingly and unlawfully obtain property, to wit, five hundred dollars ($500) per month in United States currency from Carmine T. D'Amelio, a/k/a Junior, and other persons known and unknown to the Grand Jury, who were engaged in unlawful gambling activity, with their consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, including indirect threats of physical harm, property damage, and economic loss, and thereby did obstruct, delay, and affect commerce and the movement of any article in commerce.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

61

## COUNT NINE

(18 U.S.C. §§1951(a) & 2)

From in or before 1998, and continuing until at least October 2000, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

VINCENT C. GIOACCHINI, A/K/A DEE DEE,

did knowingly and unlawfully obtain property, to wit, sums of United States currency from Joseph Young who was engaged with other persons known and unknown to the Grand Jury, in an illegal lending business, with his consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, including indirect threats of physical harm, property damage, and economic loss, and thereby did obstruct, delay, and affect commerce and the movement of any article in commerce.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT TEN

(18 U.S.C. §371)

1. From in or about April 2000, and continuing at least until December 2000, in the District of Massachusetts, Rhode Island, and elsewhere, the defendants,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR,
VINCENT C. GIOACCHINI, A/K/A DEE DEE, and
FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did knowingly and intentionally combine, conspire, confederate, and agree together with each other, and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1952.

2. It was part of the conspiracy that the defendants and their co-conspirators traveled and caused travel to occur in interstate and foreign commerce and used and caused to be used a facility in interstate commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, said unlawful activity involving (1) a business enterprise involving gambling in violation of Title 18, United States Code, Section 1955, and Massachusetts General Laws, Chapter 271, Sections 16A, 17, 17A, and 22, and (2) extortion in violation of Title 18, United States Code, Sections 892, 893, 894, and 1951, and Massachusetts General Laws, Chapter 265, Section 25, and that the defendants thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said

63

unlawful activity.

3.   It was further part of the conspiracy that the
defendants were members and associates of a secret criminal
organization identified and known as the New England Family of La
Cosa Nostra, which was a business enterprise involving gambling
and extortion.   Said organization was headed by the Boss, who
resided in Rhode Island.   Members and associates of the New
England Family of La Cosa Nostra resided in the States of
Connecticut, Rhode Island, and New Hampshire, and in the
Commonwealth of Massachusetts.

4.   It was further part of the conspiracy that in summer and
fall 2000, certain of the co-conspirators used interstate
communication facilities and traveled in interstate commerce for
the purpose of arranging and attending meetings in order to
settle a factional dispute between rival members of the Family in
Boston and to establish the chain-of-command and requirements for
reporting to supervisors of the Family regarding the rules
governing the conspirators' conduct of the Family's illegal
gambling, loansharking, and extortion activities.

5.   In furtherance of the conspiracy and to effect the
objects thereof, the defendants and their co-conspirators
committed the following overt acts in the District of
Massachusetts and elsewhere:

(a) In or about May 2000, an individual known to the
Grand Jury traveled from Rhode Island to Framingham,
Massachusetts, to discuss the collection and payment of an

illegal gambling debt.

(b) In or about June 2000, a person known to the Grand Jury caused a payment toward an illegal gambling debt to be made to the defendant, FREDERICK A. SIMONE, at his residence in Massachusetts.

(c) On October 18, 2000, defendant FREDERICK A. SIMONE telephoned an individual in Rhode Island who is known to the Grand Jury and arranged a meeting for the next day in Massachusetts.

(d) On October 19, 2000, defendant FREDERICK A. SIMONE met with individuals who had traveled from Rhode Island to Framingham, Massachusetts, and discussed the factional dispute within the Family.

(e) On October 27, 2000, defendant FREDERICK A. SIMONE telephoned an individual in Rhode Island who is known to the Grand Jury and told him that "all bets were off," and that he would do what he had to do.

(f) On October 28, 2000, individuals known to the Grand Jury traveled from Rhode Island to Framingham, Massachusetts, and met with defendants FREDERICK A. SIMONE, VINCENT C. GIOACCHINI, and FRANCIS WHITE.

(g) On October 28, 2000, individuals known to the Grand Jury traveled from Rhode Island to Boston, Massachusetts, to settle a factional dispute so that members and associates of the Family could go back to "earning a living."

(h) On October 29, 2000, defendant FREDERICK A. SIMONE

received a telephone call from an individual in Rhode Island who is known to the Grand Jury, in which they discussed the result of meetings which had occurred the previous day in Boston and Framingham, Massachusetts.

(i) On or about November 17, 2000, the defendant, FREDERICK A. SIMONE, telephoned an individual in Rhode Island and inquired about his position in the Family.

(j)  On or about November 29, 2000, an individual known to the Grand Jury traveled from Rhode Island to Framingham, Massachusetts, and met with defendant FREDERICK A. SIMONE.

All in violation of Title 18, United States Code, Section 371.

66

COUNT ELEVEN

(18 U.S.C. §§1952 & 2)

From in or before May 2000, and continuing through summer 2000, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully, intentionally, and knowingly cause persons known to the Grand Jury to travel in interstate commerce between the State of Rhode Island and the Commonwealth of Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, to wit, (1) a business enterprise involving gambling in violation of Massachusetts General Laws, Chapter 271, Sections 16A, 17, 17A, and 22, and Title 18, United States Code, Section 1955, and (2) extortion in violation of Title 18, United States Code, Sections 892, 893, 894, and 1951, and Massachusetts General Laws, Chapter 265, Section 25, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT TWELVE

(18 U.S.C. §§1952 & 2)

On or about October 28, 2000, the defendants,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR,
VINCENT C. GIOACCHINI, A/K/A DEE DEE, and
FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly cause persons known to the Grand
Jury to travel in interstate commerce between the State of Rhode
Island and the Commonwealth of Massachusetts, with intent to
promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of unlawful
activity, to wit, (1) a business enterprise involving gambling in
violation of Massachusetts General Laws, Chapter 271, Sections
16A, 17, 17A, and 22, and Title 18, United States Code, Section
1955, and (2) extortion in violation of Title 18, United States
Code, Sections 892, 893, 894, and 1951, and Massachusetts General
Laws, Chapter 265, Section 25, and thereafter did perform and
attempt to perform acts to promote, manage, establish, carry on,
and facilitate the promotion, management, establishment, and
carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections
1952 and 2.

## COUNT THIRTEEN

(18 U.S.C. §§1952 & 2)

On or about November 29, 2000, the defendants,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, and
VINCENT C. GIOACCHINI, A/K/A DEE DEE,

did unlawfully and knowingly cause persons known to the Grand Jury to travel in interstate commerce between the State of Rhode Island and the Commonwealth of Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, to wit, (1) a business enterprise involving gambling in violation of Massachusetts General Laws, Chapter 271, Sections 16A, 17, 17A, and 22, and Title 18, United States Code, Section 1955, and (2) extortion in violation of Title 18, United States Code, Sections 892, 893, 894, and 1951, and Massachusetts General Laws, Chapter 265, Section 25, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952 and 2.

69

COUNT FOURTEEN

(18 U.S.C. §892(a))

In or about April 1999, the exact date being to the Grand Jury unknown, at Framingham, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A, FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Vincent Roberto, in the amount of approximately twenty thousand dollars ($20,000), with respect to which it was the understanding of the debtor Vincent Roberto and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

70

## COUNT FIFTEEN

### (18 U.S.C. §§894(a) & 2)

From in or about April 1999, to on or about September 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Vincent Roberto, the debtor, in the amount of approximately twenty thousand dollars ($20,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

71

COUNT SIXTEEN

(18 U.S.C. §892(a))

In or about May 1999, the exact date being to the Grand Jury unknown, at Framingham, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A, FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Vincent Roberto, in the amount of approximately ten thousand dollars ($10,000), with respect to which it was the understanding of the debtor Vincent Roberto and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

72

## COUNT SEVENTEEN

(18 U.S.C. §§894(a) & 2)

From in or about May 1999, to in or about October 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Vincent Roberto, the debtor, in the amount of approximately ten thousand dollars ($10,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

73

## COUNT EIGHTEEN

(18 U.S.C. §§894(a) & 2)

From in or about May 1999, to in or about October 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Mark Petralia, the debtor, in the amount of approximately three thousand dollars ($3,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

74

## COUNT NINETEEN

(18 U.S.C. §§894(a) & 2)

From in or about summer 1999, to in or about summer 2000, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Mark Petralia, the debtor, in the amount of approximately ten thousand dollars ($10,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

75

COUNT TWENTY

(18 U.S.C. §892(a))

In or about October 1999, the exact date being to the Grand Jury unknown, at Framingham, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A, FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Anthony Musto, in the amount of approximately four thousand dollars ($4,000), with respect to which it was the understanding of the debtor Anthony Musto and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

COUNT TWENTY-ONE

(18 U.S.C. §§894(a) & 2)

From in or about October 1999, to in or about June 2001, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Anthony Musto, the debtor, in the amount of approximately nineteen thousand dollars ($19,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

COUNT TWENTY-TWO

(18 U.S.C. §892(a))

In or about March 1999, the exact date being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A, FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Chris Kotsiopoulos, in the amount of approximately thirty thousand dollars ($30,000), with respect to which it was the understanding of the debtor Chris Kotsiopoulos and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

78

COUNT TWENTY-THREE

(18 U.S.C. §§894(a) & 2)

From in or about March 1999, to in or about April 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, and others known to the Grand Jury, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Chris Kotsiopoulos, the debtor, in the amount of approximately thirty thousand dollars ($30,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

COUNT TWENTY-FOUR

(18 U.S.C. §892(a))

In or about April 1999, the exact date being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A, FREDDY, A/K/A THE NEIGHBOR, did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Chris Kotsiopoulos, in the amount of approximately forty-five thousand dollars ($45,000), with respect to which it was the understanding of the debtor Chris Kotsiopoulos and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

80

COUNT TWENTY-FIVE

(18 U.S.C. §§894(a) & 2)

From in or about April 1999, to in or about June 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, and others known to the Grand Jury, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Chris Kotsiopoulos, the debtor, in the amount of approximately forty-five thousand dollars ($45,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

81

## COUNT TWENTY-SIX

(18 U.S.C. §§894(a) & 2)

From in or about summer 1999, to in or about April 2000, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, and others known to the Grand Jury, did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Kevin Keegan, the debtor, in the amount of approximately seven thousand dollars ($7,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

COUNT TWENTY-SEVEN

(18 U.S.C. §§892(a) and 2)

In or about April 2000, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Joseph Zampanti in the amount of approximately forty-seven thousand dollars ($47,000), with respect to which it was the understanding of the debtor Joseph Zampanti and the defendant-creditor at the time the loans were  made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Sections 892(a) and 2.

83

<u>COUNT TWENTY-EIGHT</u>

(18 U.S.C. §§894(a) and 2)

From in or about April 2000, to in or about fall 2001, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Joseph Zampanti, the debtor, in the amount of approximately forty-seven thousand dollars ($47,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

84

COUNT TWENTY-NINE

(18 U.S.C. §892(a))

In or about September 1999, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Ronald Zampanti, in the amount of approximately twenty-five thousand dollars ($25,000), with respect to which it was the understanding of the debtor Ronald Zampanti and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

85

## COUNT THIRTY

### (18 U.S.C. §§894(a) and 2)

From in or about September 1999, to in or about October 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Ronald Zampanti, the debtor, in the amount of approximately twenty-five thousand dollars ($25,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

86

COUNT THIRTY-ONE

(18 U.S.C. §892(a))

In or about November 1999, the exact dates being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Ronald Zampanti, in the amount of approximately twenty-five thousand dollars ($25,000), with respect to which it was the understanding of the debtor Ronald Zampanti and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

87

COUNT THIRTY-TWO

(18 U.S.C. §§894(a) and 2)

From in or about late November to in or about December 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Ronald Zampanti, the debtor, in the amount of approximately twenty-five thousand dollars ($25,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

88

<u>COUNT THIRTY-THREE</u>

(18 U.S.C. §§892(a) and 2)

In or about early fall 1999, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Dominic Santoro, Jr., in the amount of approximately twenty thousand dollars ($20,000), with respect to which it was the understanding of the debtor Dominic Santoro, Jr., and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Sections 892(a) and 2.

89