COUNT THIRTY-FOUR

(18 U.S.C. §§894(a) and 2)

In or about fall 1999, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Dominic Santoro, Jr., the debtor, in the amount of approximately twenty thousand dollars ($20,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

COUNT THIRTY-FIVE

(18 U.S.C. §892(a))

In or about fall 2000, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Dominic Santoro, Jr., in the amount of approximately twenty thousand dollars ($20,000), with respect to which it was the understanding of the debtor Dominic Santoro, Jr., and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

## COUNT THIRTY-SIX

(18 U.S.C. §§894(a) and 2)

In or about fall 2000, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Dominic Santoro, Jr., in the amount of approximately twenty thousand dollars ($20,000), with respect to which it was the understanding of the debtor Dominic Santoro, Jr., and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Sections 894(a) and 2.

<u>COUNT THIRTY-SEVEN</u>

(18 U.S.C. §892(a))

In or about fall 2001, the exact date being to the Grand Jury unknown, at Boston, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A, THE WHITE-HAIRED GUY,

did unlawfully and knowingly make an extortionate extension of credit within the meaning of Title 18, United States Code, Section 891(6), to Dominic Santoro, Jr., in the amount of approximately twenty thousand dollars ($20,000), with respect to which it was the understanding of the debtor Dominic Santoro, Jr., and the defendant-creditor at the time the loan was made, that delay in making repayment and failure to make repayment could result in the use of violence and other criminal means to cause harm to the person, reputation, and property of said debtor.

All in violation of Title 18, United States Code, Section 892(a).

## COUNT THIRTY-EIGHT

(18 U.S.C. §§894(a) and 2)

From in or about fall 2001 to in or about January 2002, the exact dates being to the Grand Jury unknown, in the District of Massachusetts, the defendant,

FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

did unlawfully and knowingly participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891(1), from Dominic Santoro, Jr., the debtor, in the amount of approximately twenty thousand dollars ($20,000).

All in violation of Title 18, United States Code, Sections 894(a) and 2.

COUNT THIRTY-NINE

(18 U.S.C. §1956(h))

At times material to the allegations contained in this Count:

1. Defendant FREDERICK A. SIMONE owned, operated, directed, and supervised an extortion and loansharking business (the "extortion business") in the District of Massachusetts, and elsewhere.

2. Defendant FREDERICK A. SIMONE resided at 32 Lowther Road, Framingham, Massachusetts.

3. Defendant FREDERICK A. SIMONE collected monies from usurious loans and from persons engaged in illegal activities.

4. From in or before March 1998, and continuously thereafter up to and including December 1, 2001, in the District of Massachusetts and elsewhere, the defendant:

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, did conspire with others known and unknown to the Grand Jury:

(a) Knowingly to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which financial transactions in fact involved the proceeds of specified unlawful activities, that is, crimes committed in connection with SIMONE's extortion business, that is, violations of Title 18, United States Code, Sections 892 (making extortionate extensions of credit), 893 (financing extortionate extensions of credit), 894 (collection of extensions of credit by extortionate means), and 1951 (interference with commerce by

95

threats or violence), and Massachusetts General Laws, Chapter 265, Section 25 (extortion), and crimes committed by clients of SIMONE's extortion business, including illegal gambling in violation of Massachusetts General Laws, Chapter 271, Sections 16A, 17, 17A, and 22, and Title 18, United States Code, Section 1955, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(A)(i); and

(b)   Within the United States, knowingly to engage and attempt to engage in monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value of greater than $10,000 which was derived from specified unlawful activities, that is, the crimes committed in connection with SIMONE's illegal extortion business and the crimes committed by clients of SIMONE's extortion business, as set forth in paragraph 4(a) of this Count, in violation of 18 U.S.C. §1957.

### Objectives of the Conspiracy

5.   The predominant purpose of the conspiracy was to promote an extortion business by collecting revenues from debtors and extortion victims, and using the monies to make additional usurious loans in geographical areas in which the extortion business operated. An additional objective was to promote the extortion business by using these monies to provide a location

96

and conveyance to conduct the extortion business. It was also a purpose of the conspiracy to provide the appearance of legitimacy so as to avoid scrutiny by law enforcement.

Manner and Means of the Conspiracy

6. It was part of the conspiracy that conspirators collected extortion money and reloaned some of that money to other debtors.

7. It was further part of the conspiracy that conspirators maintained a location, 32 Lowther Road, Framingham, Massachusetts, from which to conduct the extortion business and to collect usurious debts that were paid exclusively in cash.

8. It was further part of the conspiracy that defendant FREDERICK A. SIMONE paid all of his obligations, including mortgages on his home at 32 Lowther Road, Framingham, Massachusetts, with revenues derived, at least in part, from the extortion business.

9. It was further part of the conspiracy that defendant FREDERICK A. SIMONE stored cash proceeds from his extortion business at his residence in Framingham, Massachusetts.

10. It was further part of the conspiracy that conspirators deposited cash from the extortion business into a personal checking account and from this account paid expenses.

11. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of Massachusetts, and elsewhere:

(a) On or about December 14, 1999, defendant FREDERICK

A. SIMONE used monies derived from the extortion business to pay an income tax obligation to the United States Treasury.

    (b) On or about December 18, 1999, defendant FREDERICK A. SIMONE collected money in Framingham, Massachusetts.

    (c) On or about December 27, 1999, defendant FREDERICK A. SIMONE paid approximately $1,560 to New Century Mortgage Company.

    (d) On or about January 26, 2000, defendant FREDERICK A. SIMONE paid approximately $380 toward a monthly obligation for his automobile.

    (e) On or about March 9, 2000, defendant FREDERICK A. SIMONE collected monies from usurious loans at his residence on Lowther Road, Framingham, Massachusetts.

    (f) On or about April 1, 2000, defendant FREDERICK A. SIMONE collected money in Framingham, Massachusetts.

    (g) On May 1, 2000, defendant FREDERICK A. SIMONE deposited approximately $4,300 in cash into his checking account.

    (h) On or about June 2, 2000, defendant FREDERICK A. SIMONE collected money in Framingham, Massachusetts.

    (i) In or about August 2000, defendant FREDERICK A. SIMONE received approximately $10,000, which he subsequently used, at least in part, to pay for monthly obligations related to the extortion business.

    (j) On or about September 1, 2000, defendant FREDERICK A. SIMONE collected money in Framingham, Massachusetts.

    (k) On or about September 15, 2000, defendant

FREDERICK A. SIMONE directed a person known to the Grand Jury to deposit cash into his personal checking account.

(l) On October 5, 2000, defendant FREDERICK A. SIMONE tendered approximately $3,000 in cash to a person known to the Grand Jury.

(m) On the same date, defendant FREDERICK A. SIMONE directed a person known to the Grand Jury to deposit a sum of cash into his personal checking account at Metro West Bank, Framingham, Massachusetts.

(n) On October 17, 2000, defendant FREDERICK A. SIMONE and a person known to the Grand Jury discussed adding monies to his personal checking account to cover checks written on that account.

(o) On November 26, 2000, defendant FREDERICK A. SIMONE discussed with persons known to the Grand Jury that in order to avoid the scrutiny of law enforcement, he had to show enough income on his income tax returns to reflect his lifestyle.

All in violation of Title 18, United States Code, Section 1956(h).

RACKETEERING FORFEITURE ALLEGATIONS

(18 U.S.C. §1963)

1.  The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1963.

2.  As a result of the offenses in violation of Title 18, United States Code, Section 1962, set forth in Counts One and Two of this Indictment, the defendants

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR,
VINCENT C. GIOACCHINI, A/K/A DEE DEE, and
FRANCIS WHITE, A/K/A THE WHITE-HAIRED GUY,

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 1963(a):

(i)  all interests the defendants have acquired and maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(ii) all interests in, securities of, claims against, and properties and contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(iii) all property constituting, and derived from, any proceeds which the defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.  The property to be forfeited by the

100

defendants pursuant to Title 18, United States Code, Section 1963, and subparagraphs (i) through (iii) of this paragraph, includes, but is not limited to, all of the defendants' joint and several interests in the following assets:

(a) Approximately $750,000 in United States currency; and

(b) And any and all proceeds derived from the sale of 32 Lowther Road, Framingham, Massachusetts, on or about June 15, 2001; more fully described in a deed appearing at Book 30380, Page 562, of the Middlesex County South Registry of Deeds.

3. If any of the property described in paragraph 2 of these forfeiture allegations as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendants --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Section 1963.

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

(18 U.S.C. §982)

1. The allegations of Count Thirty-Nine of this Indictment are hereby realleged and incorporated herein for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982.

2. As a result of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count Thirty-Nine of this Indictment, the defendant

FREDERICK A. SIMONE, A/K/A FREDDY, A/K/A THE NEIGHBOR, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offenses, and all property traceable to such property. The property to be forfeited pursuant to Section 982(a)(1) includes, but is not limited to, all of the defendant's interests in the following assets:

(a) Approximately $200,000.00 in United States currency; and

(b) And any and all proceeds derived from the sale of 32 Lowther Road, Framingham, Massachusetts, on or about June 15, 2001; more fully described in a deed appearing at Book 30380, Page 562, of the Middlesex County South Registry of Deeds.

3. If any of the property described in paragraph 2 of these forfeiture allegations as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREMAN OF THE GRAND JURY

_____   DATE _November 20, 2003_
Assistant United States Attorney


_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: ------ , 2003

Returned in the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

11-20-03 at 12:25 PM

104