## QUITCLAIM DEED

Property Address: 30-32 Frankfort Street, East Boston, MA 02128

I, Anthony White, of 32 Frankfort Street, East Boston, Suffolk County, Massachusetts, being unmarried, for consideration of Five Hundred Thousand Dollars ($500,000.00) grant to United States of America, with quitclaim covenants

The land with buildings thereon, situated in that part of Boston called East Boston, shown as Lot K and a portion of Lot I on a plan of land entitled "Plan of the East Boston Company", drawn by H.W. Wilson, Surveyor, and recorded with Suffolk Deeds in Book 2654, Page End, bounded and described as follows:

Beginning at a point in the Northwesterly line of Frankfort Street, at the division line between said Lot K and Lot L in said Book A, and thence running

| | |
|---|---|
| SOUTHWESTERLY | on said line of Frankfort Street as shown on said plan by two lines measuring twenty-nine and 00/100 (29.00) feet and fourteen and 50/100 (14.50) feet, respectively, together measuring forty-three and 50/100 (43.50) feet; |
| NORTHWESTERLY | by a portion of Lot I as shown on said plan, one hundred and 00/100 (100.00) feet; |
| NORTHEASTERLY | by land or owners unknown as shown on said plan by two lines measuring fourteen and 50/100 (14.50) feet and twenty-nine and 00/100 (29.00) feet, respectively, together measuring forty-three and 50/100 (43.50); and |
| SOUTHEASTERLY | by Lot L as shown on said plan, one hundred and 00/100 (100.00) feet. |

Comprising two (2) parcels and 4350 square feet, more or less.

For my title, see deed of FRANCIS P. WHITE to me dated August 15, 2001, and recorded with Suffolk Deeds in Book 26891, Page 236.

No documentary stamps are attached hereto as none are required by law.

Witness my hand and seal this 24th day of December, 2003.

Anthony White

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                        December 24, 2003

Then personally appeared the above-named ANTHONY WHITE and acknowledged the foregoing instrument to be his free act and deed, before me

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this __23rd__ day of
__December__, among __Anthony White__
(herein "Surety"), Michael J. Sullivan, in his official capacity as
United States Attorney for the District of Massachusetts (herein
"United States Attorney"), and Tony Anastas, in his official capacity
as Clerk of the United States District Court for the District of
Massachusetts (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of
__Francis White__ (herein "Defendant") in
Criminal No. __03-10356-MLW__, on the terms and
conditions of bail set forth in an Order Setting Conditions of
Release (herein "Bail Order") dated __12/22/03__, and
entered by the Honorable __Joyce London Alexander__, United
States District Judge/Magistrate Judge, and has agreed to execute a
personal bond in the amount of __Five Hundred Thousand__
_____ ($500,000.00 ) Dollars (herein "Personal
Bond") to secure the Defendant's compliance with the terms and
conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and
agreements contained herein, the parties hereto agree as follows:
1.   The Surety shall execute a quitclaim deed to the parcel of real
property located at __30-32 Frankfort Street, East Boston,__
__Massachusetts 02128__ in favor of the United States of America, and
deliver said deed to the Escrow Agent to be held in escrow pursuant
to the terms of this Agreement.

2.   The Surety further agrees to execute any additional documents and
take any action necessary to effectuate the transfer of said parcel
of real property and facilitate the sale of such property in the
event that the Defendant is in default of the terms and conditions of
the Bail Order or Personal Bond.

3.   The Escrow Agent shall hold the quitclaim deed in escrow under
the following terms and conditions:

     A.   In the event that the Defendant fails to appear as required
at all proceedings in Criminal No. __03-10356-MLW__ or otherwise
violates any condition of bail, and Defendant is declared to be in
default by a judicial officer of the United States District Court for
the District of Massachusetts, then, upon order of the Court, and in
lieu of or in addition to foreclosure proceedings on any mortgage
granted by the Surety, the Escrow Agent shall tender the quitclaim
deed to the United States Attorney, and he shall cause the same to be
immediately recorded without notice to the Surety.  Any requirement
that foreclosure proceedings be commenced upon any mortgage granted
by the Surety in connection with Criminal No. __03-10356-MLW__
is expressly waived by the Surety.

-2-

    B.  This Agreement shall terminate upon the final disposition
of Criminal No.  __03-10356-MLW_____  and written discharge of
the bond provided to the Surety by the United States of America.
Upon such termination, and upon order of the Court, the Escrow Agent
shall deliver the quitclaim deed to the Surety.

5.  The validity and construction of this Agreement shall be governed
by the law of the Commonwealth of Massachusetts.

6.  This Escrow Agreement shall be binding upon and shall inure to
the benefit of the parties hereto and their respective successors,
assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be
executed as of the date first written above.

ESCROW AGENT:                        SURETY:

TONY ANASTAS, CLERK OF COURT         _Anthony White_ 12/23/03
                                     Anthony White

By: _____        _____
      Deputy Clerk

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY               _____

By: _____
      Asst. U.S. Attorney

                        _____

              COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                      _December 23, 2003_

Then personally appeared ___Anthony White_____
_____ and acknowledged the foregoing to
be __his_____ free act and deed before me.

                              _____
                                    NOTARY PUBLIC

            My Commission Expires:  __9/4/09_____

## MORTGAGE

THIS MORTGAGE is made this ___ 23rd ___ day of ___ December ___,
20 03 , between ___ Anthony White ___,
presently residing at 30-32 Frankfort Street, E. Boston, MA 02128
(herein "Mortgagor(s)"), and the Clerk of the United States
District Court for the District of Massachusetts, United States
Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein
"Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond
of even date for ___ Francis P. White ___ (herein
"Defendant"), in Criminal No. ___ 03-10356-MLW ___, before the United
States District Court for the District of Massachusetts (herein
"Court"), in the amount of ___ Five Hundred Thousand ___
($ 500,000.00 ___ ) Dollars executed by the Defendant and the
Mortgagor(s) in favor of the United States of America, and to
secure due observance and performance of the obligation, terms,
and conditions as set forth in an Order Setting Conditions of
Release dated ___ December 22 ___, 20 03 , and filed with the
Court, and to further secure the performance of all other
covenants and agreements of or by the Defendant and Mortgagor(s)
herein for the benefit of the Mortgagee, which may now exist or
may hereafter exist or accrue while this Mortgage is still
undischarged of record, and in furtherance of and pursuant to an
escrow agreement made this day between the Mortgagor(s), the
United States Attorney for the District of Massachusetts and the
Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale,
the following parcel of real property, with the following
covenants thereon, situate, lying and being in the County of
___ Suffolk ___, Commonwealth of Massachusetts,
and more particularly described in the following deed:

       A deed from ___ Francis P. White ___
       to ___ Anthony White ___
       dated ___ August 15 ___, 20 01 , and recorded in the
       ___ Suffolk ___ County Registry of Deeds at
       Book 26891 ___, Page 236 ___;

TOGETHER with all the improvements now or hereafter erected on
the property, and all easements, rights, appurtenances, rents
royalties, mineral, oil and gas rights and profits, water, water
rights, and water stock, and all fixtures now or hereafter
attached to the property, all of which, including replacements
and additions thereto, shall be deemed to be and remain a part of
the property covered by this Mortgage; and all of the foregoing,
together with said property are hereinafter referred to as the
"Property."

-2-

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.  That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.  That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.  That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.  That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.  That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6.  That notice and demand or request may be made in writing and may be served in person or by mail.

7.  That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.  That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9.  That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and

-3-

constituted the attorney irrevocable of the Mortgagor(s) to
execute and deliver to said purchaser a full transfer of all
policies of insurance on the Property at the time of such sale.

10.  That the holder of this Mortgage, in any action to foreclose
it, shall be entitled to the appointment of a receiver.

11.  Notwithstanding any other agreement between the Mortgagor(s)
and Mortgagee, or any provision of law, the Mortgagee shall not
be required to discharge this Mortgage except upon order of the
Court. It shall be the obligation of the Mortgagor(s) to furnish
the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the
Mortgagor(s).

_____        *Anthony White 12/23/03*
                                        Anthony White

_____        _____


                        _____

                COMMONWEALTH OF MASSACHUSETTS


SUFFOLK, SS                      On December 23, 2003


Then personally appeared  Anthony White
and acknowledged the foregoing to be    his      free act and deed
before me.

                        *Tracy H Heait*
                        NOTARY PUBLIC

                My Commission Expires:   9/4/09

(MORTGAGE FORM.wpd - 05/2001)



**APPRAISAL**

December 3, 2003

Mr. Anthony White
30 Frankfort Street
East Boston, MA 02128

Re: 30 Frankfort Street
    East Boston, MA 02128

Dear Mr. White:

After viewing your property and reviewing the most recent sold properties that are
comparable to 30 Frankfort Street, East Boston I estimate the value of your property to be
$290,000.

If you have any questions please do not hesitate to contact me.

Sincerely,

Saul Perlera



PERLERA

REAL ESTATE

December 3, 2003

Mr. Anthony White
30 Frankfort Street
East Boston, MA 02128

Re: 32 Frankfort Street
    East Boston, MA 02128

Dear Mr. White:

After viewing your property and reviewing the most recent sold properties that are
comparable to 32 Frankfort Street, East Boston I estimate the value of your property to be
$540,000.

If you have any questions please do not hesitate to contact me.

Sincerely,

Saul Perlera

CUSTOMER'S COPY

THE COMMONWEALTH OF MASSACHUSETTS
CITY OF BOSTON
OFFICE OF COLLECTOR OF TAXES

## 2003
## REAL ESTATE TAX
### 4TH QUARTER

| | RESIDENTIAL 1 | OPEN SPACE 2 | COMMERCIAL 3 | INDUSTRIAL 4 |
|---|---|---|---|---|
| TAX RATE PER $1000 | 11.29 | 11.29 | 31.49 | 31.49 |

| BANK NO. | LOCATION: | | | |
|---|---|---|---|---|
| 101 | 32 FRANKFORT ST | | | |

| CLASS | DESCRIPTION | SPECIAL ASSESSMENTS |
|---|---|---|
| R3 | LAND | |
| R3 | BLDG | |

| TOTAL BUILDINGS | LAND AREA |
|---|---|
| | 2900 |

WHITE ANTHONY
32 FRANKFORT ST
EAST BOSTON MA        02128

Make checks payable to: THE CITY OF BOSTON / Office Hours 9 A.M. to 5 P.M. Mon. thru Fri.
Mail checks to: COLLECTOR OF TAXES. Box 190, Boston, Massachusetts 02101
Interest at the rate of 14% per annum will accrue on overdue payments from the due date until payment is made.
This form approved by Commission of Revenue.

VIVIAN LEO    TEMP.

Collector of Taxes

| | BILL NO. |
|---|---|
| | 066210 |
| WARD | PARCEL NO. |
| 01 | 03977-000 |
| TOTAL FULL VALUATION | 288800 |
| RESIDENTIAL EXEMPTION | 87024 |
| TOTAL TAXABLE VALUATION | 200876 |
| 1ST PREL. OVERDUE | |
| 2ND PREL. OVERDUE | |
| SPEC. ASSMT. | |
| WATER & SEWER CHARGES | |
| TOTAL TAX & SPEC. ASSMNT. DUE | 2267.89 |
| PERSONAL EXEMPTION | |
| PAYMENTS TO DATE/CREDITS | 1541.78 |
| NET TAX & SPEC. ASSMNT DUE | 726.11 |
| 1ST TAX PYMT. DUE BY FEB. 3, 2003 | |
| 2ND TAX PYMT. DUE BY MAY 1, 2003 | 726.11 |
| TAX DUE | 726.11 |
| COST | |
| INTEREST | |
| PAY THIS AMT. BY | 726.11 |
| 05/01/2003 | |

101039770000300000726110000000001

CUSTOMER'S COPY

THE COMMONWEALTH OF MASSACHUSETTS
CITY OF BOSTON
OFFICE OF COLLECTOR OF TAXES

## 2003
## REAL ESTATE TAX
## 4TH QUARTER

| TAX RATE PER $1,000 | RESIDENTIAL 1 | OPEN SPACE 2 | COMMERCIAL 3 | INDUSTRIAL 4 |
|---|---|---|---|---|
| | 11.29 | 11.29 | 31.49 | 31.49 |

| BANK NO. | LOCATION: | | | |
|---|---|---|---|---|
| 101 | 30 FRANKFORT ST | | | |

| CLASS | DESCRIPTION | SPECIAL ASSESSMENTS |
|---|---|---|
| C | LAND | |
| C | BLDG | |

| TOTAL BUILDINGS | LAND AREA |
|---|---|
| | 1450 |

WHITE ANTHONY
30 FRANKFORT ST
EAST BOSTON MA          02128

Make checks payable to: THE CITY OF BOSTON / Office Hours 9 A.M. to 5 P.M. Mon. thru Fri.
Mail checks to: COLLECTOR OF TAXES, Box 130, Boston, Massachusetts 02101
Interest at the rate of 14% per annum will accrue on overdue payments from the due date until payment is made.

This form approved by Commission of Revenue.

VIVIAN LEO  TEMP.                    Collector of Taxes

SEE REVERSE SIDE FOR
IMPORTANT INFORMATION

| WARD | PARCEL NO. | BILL NO. |
|---|---|---|
| 01 | 03978-000 | 066300 |
| TOTAL FULL VALUATION | | 411500 |
| RESIDENTIAL EXEMPTION | | |
| TOTAL TAXABLE VALUATION | | 411500 |
| 1ST PREL. OVERDUE | | |
| 2ND PREL. OVERDUE | | |
| SPEC. ASSMT. | | |
| WATER & SEWER CHARGES | | |
| TOTAL TAX & SPEC. ASSMNT. DUE | | 1305.84 |
| PERSONAL EXEMPTION | | |
| PAYMENTS TO DATE/CREDITS | | 981.50 |
| NET TAX & SPEC. ASSMNT. DUE | | 320.34 |
| 1ST TAX PYMT. DUE BY FEB. 3, 2003 | | |
| 2ND TAX PYMT. DUE BY MAY 1, 2003 | | 320.34 |
| TAX DUE | | 320.34 |
| COST | | |
| INTEREST | | |
| PAY THIS AMT. BY | | 320.34 |
| 05/01/2003 | | |

10103978000030000003203400000000003



**FleetOne Premier Statement**
10/17/2003 through 11/14/2003

#BWNHNBL
ANTHONY F WHITE
30 FRANKFORT ST
E BOSTON MA 02128

## WHAT'S NEW

### Fleet Holiday Toy Drive - Make a deposit.

One of the most important deposits you can make this year is one that will never show up on your bank statement. It's a donation to the Fleet Holiday Toy Drive. Just bring a new, unwrapped toy to your local Fleet branch between November 10th and December 19th, 2003. Or make a financial donation at the branch or through Fleet HomeLink(sm) Online Banking at fleet.com. All gifts go to non-profit organizations right in your local community. So please give generously this holiday season.

## Service For Your Fleet Relationship

We help you manage your accounts quickly and conveniently via the phone, online or at the ATM. Check up-to-the-minute balances, review recent account activity, transfer funds and more.

* **Premier Customer Service:** Call 1-800-222-1130 and use your account number and Telephone Banking Access Code to get information on a specific account. Or, use your Fleet Card number and PIN to access all of your linked accounts or to transfer funds.
* **Fleet HomeLink(sm) online banking:** Visit www.fleet.com and log on with your Fleet Card number and PIN.
* **Fleet ATMs:** Use your Fleet Card and PIN at more than 3,400 Fleet ATMs from Maine to Florida.

If you have detailed questions about your account, or want to learn more about Fleet's products and services, call us at 1-800-222-1130 (TDD: 1-800-637-4031).

063819403   D9451988784         12                 156
1 - 3





## American Express(R) Gift Cheques-Available Online

Use your Fleet Total Access Card this season to buy
American Express Gift Cheques online with no purchase
fee*. Place your order 24 hours a day and get convenient
delivery through 12/31/03. Go to fleet.com/giftcheques today
to learn more.

*Shipping and delivery fees apply. Order before 12/12/03 to
receive delivery by 12/23/03. Overnight orders before 12/22/03.

## 'Fleet Cash' - It's ATM Cash Your Way!

It's your money so why not get it the way you like it – fast and easy?
Using the 'Fleet Cash' feature at Fleet ATMs enables you to customize
a preset withdrawal amount that suits your needs. 'Fleet Cash' is
conveniently located on the ATM PIN entry screen. Simply enter your
PIN number, select the 'Fleet Cash' button and you'll be quickly on
your way with just the amount of cash you need.

Setting up your 'Fleet Cash' amount is as easy as 1,2,3 -
1) From the ATM Main Menu screen select 'More Options'
2) From the 'More Options' screen menu select 'Set Fleet Cash'
3) On the 'Set Fleet Cash' screen just select the preset cash amount
   you'd like to receive.

## Make Higher Education a Reality

A college education can make a big difference to a child's future.
And a 529 College Savings Plan is one great way to make it possible.
Virtually anyone can open a 529 Plan for any beneficiary. To learn
more about education planning solutions, including 529 Plans
offered through Quick & Reilly, visit a Fleet branch and talk to an
investment representative.

Investments offered by Quick & Reilly are not FDIC insured, are not deposits or
obligations of, or guaranteed by, any bank, and involve investment risks, including
possible loss of the principal amount invested. Quick & Reilly, Inc. (member SIPC/NYSE)
is an affiliate of Fleet Bank.

063819403



**FleetOne Premier Statement**
10/17/2003 through 11/14/2003
Page    1 of    4
Premier Customer Service 1-800-222-1130

## Your Financial Summary

### Deposit Accounts

|  |  | Average Daily Balance | Current Balance |
|---|---|---|---|
| Premier Interest Checking | 9451988784 | $6,167.00 | $8,153.38 |
| Premier Money Market Savings | 0125841207 | $736.00 | $737.11 |
| **Average/Total Deposits** |  | **$6,903.00** | **$8,890.49** |

| Total Deposits |  |
|---|---|
|  | **$8,890.49** |

### Loan Accounts

|  |  | Available Credit | Current Balance |
|---|---|---|---|
| Home Equity Loan | 75620032042608 |  | $201,822.56 |
| **Total Loans** |  |  | **$201,822.56** |

### Information About Fees

The monthly fee of $25.00 was waived because your combined balance of $208,725.56 met the minimum requirement of $25,000.00.



**RAINEN LAW OFFICE, P.C.**
ATTORNEYS AND COUNSELLORS AT LAW
ONE CENTER PLAZA, SUITE 270
BOSTON, MASSACHUSETTS 02108

TELEPHONE (617) 367-8284
FAX (617) 367-9102
http://www.rainenlaw.com

EDWARD RAINEN
erainen@aol.com

SHELLY B. RAINEN
srainen@aol.com

December 11, 2003

**TITLE CERTIFICATION**

Attorney Richard Egbert
99 Summer Street, Suite 1620
Boston, MA 02110

      Re:    30-32 Frankfort Street, East Boston
             Our File No. 26059

Dear Attorney Egbert:

I have caused the title to the above-cited parcel of land to be examined at the Suffolk County Registry of Deeds from June 3, 1941 through the close of business on December 9, 2003. The Undersigned hereby certifies, based solely on an examination of said public record, that the Owners indicated below have a good, clear, and marketable fee simple title, of record, to said premises for the period of time in our examination, free from all encumbrances which would materially affect the title, subject to the matters indicated below. The title examination shows the following:

**OWNERS**:

Anthony F. White, by virtue of a Deed dated June 3, 1988 recorded with said Registry of Deeds in Book 14801, Page 326.
        Sheet 36

**DESCRIPTION**:

        See Exhibit "A", annexed hereto and incorporated herein.

    Sheet 36, 53

Attorney Egbert                                                                   Page 2
RE: 30-32 Frankfort St., East Boston
Our File No. 26059

## SAID ESTATE SUBJECT TO:

1. Mortgage from Anthony F. White in favor of National City Mortgage Co doing business as
Commonwealth United Mortgage Company dated April 2, 2002 in the original principal amount
of $200,000.00 recorded with said Registry of Deeds in Book 28329, Page 164.
            Sheet  39-48

2. Mortgage from Anthony F. White in favor of Fleet National Bank dated February 25, 2003 in
the original principal amount of $207,000.00 recorded with said Registry of Deeds in Book
30957, Page 199.
            Sheet  49-52

3. Instrument of Taking for taxes by the City of Boston in the total amount of $265.51, dated January 15,
1964, and recorded with said Registry of Deeds in Book 7817, Page 27.
            Sheet 32

## REMARKS:

1. We find a probate for an O3P082 for Antony "F." White. Need affidavit that same is not the  present
owner locus

2. Death certificate not found for prior owner, life tenant Conetta Diberto (Sh#29)


The period of title search and this Certificate are based upon, and consistent with, the Title Standards
promulgated by the Massachusetts Conveyancer's Association.

This Certificate of Title shall be limited in its use to the addressee, for the immediate transaction
contemplated hereunder, and does not extend to any subsequent conveyance, mortgage or other
transaction, and is intended to be a privileged communication from Counsel.

Please note:  We have not run any of the Lienholders in the public records for assignments or
discharges which may not be marginally referenced.

Attorney Egbert
RE: 30-32 Frankfort St., East Boston
Our File No. 26059

Very truly yours,

RAINEN LAW OFFICE, P.C.

By:_____
ER/mc
encl.
Crt 26059

Attorney Egbert
RE: 30-32 Frankfort St., East Boston
Our File No. 26059

Page 4

# Exhibit  "A"

The land with buildings thereon, situated in that part of Boston called East Boston, shown as Lot K and a portion of Lot I on a plan of land entitled "Plan of the East Boston Company", drawn 6y H.W. Wilson, Surveyor, and recorded with Suffolk Deeds in Book 2654, Page End, bounded and described as follows:

Beginning at a point in the Northwesterly line of Frankfort Street, at the division line between said Lot K and Lot L in said Block A, and thence running

SOUTHWESTERLY          on said line of Frankfort Street as shown on said plan by two lines
                       measuring twenty-nine and 00/100 (29.00) feet and fourteen and
                       50/100 (14.50) feet, respectively, together measuring forty-three
                       and 50/100 (43.50) feet;

NORTHWESTERLY          by a portion of Lot I as shown on said plan, one hundred and
                       00/100 (100.00) feet;

NORTHEASTERLY          by land or owners unknown as shown an said plan by two lines
                       measuring fourteen and 50/100 (14.50) feet and twenty-nine and
                       001100 (29.00) feet, respectively, together measuring forty-three
                       and 50/100 (43.50); and

SOUTHEASTERLY          by Lot L as shown on said plan, one hundred and 00/100 (100.00)
                       feet.

Comprising two (2) parcels and 4350 square feet, more or less.

28329  164

.473

Return To:
NATIONAL CITY MORTGAGE CO
P.O. Box 8800
Dayton, OH 45401-8800

Prepared By:
WILLIAM ROUX
NATIONAL CITY MORTGAGE CO
P.O. Box 8800
Dayton, OH 45401-8800

0001063168

———————— [Space Above This Line For Recording Data] ————————

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) "Security Instrument" means this document, which is dated   April 2, 2002
together with all Riders to this document.
(B) "Borrower" is

ANTHONY F WHITE Sole Owner

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is   National City Mortgage Co dba
                   Commonwealth United Mortgage Company
Lender is a   corporation
organized and existing under the laws of   The State of Ohio

MASSACHUSETTS -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3022 1/01

-6(MA) (0205)
Page 1 of 15                          Initials: AFW
VMP MORTGAGE FORMS - (800)521-7291

Return
To: Denise DiCarlo, Esq.
385 Broadway
Revere, MA 02151

28329  165

Lender's address is   3232 Newmark Drive, Miamisburg, OH  45342

Lender is the mortgagee under this Security Instrument.

(D) "Note" means the promissory note signed by Borrower and dated   April 2, 2002
The Note states that Borrower owes Lender

TWO HUNDRED THOUSAND & 00/100                                            Dollars
(U.S. $        200,000.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than     May 1, 2032

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider      ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider              ☐ Planned Unit Development Rider   ☒ 1-4 Family Rider
☐ VA Rider                   ☐ Biweekly Payment Rider     ☒ Other(s) [specify] Ex. A.

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used in this
Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a
"federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan"
under RESPA.

-6(MA) (0005)                    Page 2 of 15              Initials: AFU              Form 3022  1/01

28329   166

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the          County          [Type of Recording Jurisdiction]
of     Suffolk                    [Name of Recording Jurisdiction]:

Parcel ID Number:                                         which currently has the address of
           32 FRANKFORT ST,                                                      [Street]
           EAST BOSTON              [City] , Massachusetts  02128  [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

-6(MA) (0005)                        Page 3 of 15              Initials: Afil/               Form 3022  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_Anthony F. White_ (Seal)
ANTHONY F WHITE                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)          _____ (Seal)
        -Borrower                       -Borrower

_____ (Seal)          _____ (Seal)
        -Borrower                       -Borrower

_____ (Seal)          _____ (Seal)
        -Borrower                       -Borrower

28329 177

-6(MA) (0005)                Page 14 of 15            Form 3022  1/01

28329   178

COMMONWEALTH OF MASSACHUSETTS,                    Suffolk    County ss:

On this   2nd   day of   April, 2002              , before me personally appeared

to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged
that he/she/they executed the same as his/her/their free act and deed.

My Commission Expires:   9-23-05

_____
Notary Public

Dennis D. Carlo

0001063168

28329 ' 179

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this .     **2nd**   day of  **April**      **2002** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**National City Mortgage Co dba Commonwealth United Mortgage Company** (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

**32 FRANKFORT ST, EAST BOSTON, Massachusetts 02128**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

MULTISTATE 1- 4 FAMILY RIDER – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: _AFW_

Form 3170 1/01

(IMP)-57R (0008)

Page 1 of 4

VMP MORTGAGE FORMS - (800)521-7291

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii)

28329 - 181

$\mathcal{U}\mathcal{Y}$

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Anthony J. White_ ____(Seal)
ANTHONY F. WHITE                -Borrower

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

_____(Seal)
                        -Borrower

Witness _David_ ____

-57R (0008)                Page 4 of 4                Form 3170 1/01

Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

Initials: _____
Form 3170 1/01

-57H (0008)                     Page 3 of 4

Exhibit A     28329   183

The land with the buildings thereon, situated in that part of Boston called East Boston, shown as Lot K and a portion of Lot I on a plan of land entitled "Plan of the East Boston Company", drawn by H.W. Wilson, Surveyor, and recorded with Suffolk Deeds in Book 2654, Page End, bounded and described as follows:

Beginning at a point in the Northwesterly line of Frankfort Street, at the division line between said Lot K and Lot L in said Block A, and thence running

SOUTHWESTERLY   on said line of Frankfort Street as shown on said plan by two lines measuring twenty-nine and 00/100 (29.00) feet and fourteen and 50/100 (14.50) feet, respectively, together measuring forty-three and 50/100 (43.50) feet;

NORTHWESTERLY   by a portion of Lot I as shown on said plan, one hundred and 00/100 (100.00) feet;

NORTHEASTERLY   by land or owners unknown as shown on said plan by two lines measuring fourteen and 50/100 (14.50) feet and twenty-nine and 00/100 (29.00) feet, respectively, together measuring forty-three and 50/100 (43.50) feet; and

SOUTHEASTERLY   by Lot L as shown on said plan, one hundred and 00/100 (100.00) feet.

Comprising of two (2) parcels and 4350 square feet, more or less.

Ref.
2.591/236

**Fleet Bank**   30957   199

Mortgage

(for use in CT, FL, MA, NH, REGISTRY
PA and RD-D/EN10 & EXAM ATTEST

2003 MAR 27  AM 8: 40

**03/27/2003 Doc: 0265**

**Principal Loan Amount: U.S. $**

**$207,000.00**

Maturity Date:

03/03/23  *Frances M. Roache*
*REGISTER OF DEEDS*

**Borrower(s)/Mortgagor(s):**

ANTHONY F. WHITE

265

Record and Return To:
Integrated Loan Services
31 Triwood Road
Rocky Hill, CT 06067

WHITE, ANTHONY F

**Property Address:**          **Mailing Address:**

30 FRANKFORT ST    E BOSTON, MA    30 FRANKFORT ST E BOSTON, MA 02128
02128

THIS MORTGAGE is between each Mortgagor signing below ("Borrower") and the following Mortgagee ("Lender"):

Name of Lender:   FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Lender's Address for Notices:   CONSUMER LOAN OPERATIONS
315-317 COURT STREET
P.O. BOX 3092
UTICA, NY 13502

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note in favor of Lender in the Principal Loan Amount set forth above, which note was dated the same date as this Mortgage and is due and payable in full by the Maturity Date set forth above (the "Note"), together with interest thereon and all renewals, extensions, and conversions of or modifications to the Note; the payment of all other sums provided in the Note or advanced to protect the security of this Mortgage; and the performance of all other covenants and agreements of Borrower contained herein and in the Note, for consideration paid, Borrower hereby mortgages, grants, and conveys to Lender, its successors and assigns forever, with statutory power of sale (if applicable) and with mortgage covenants, the property described in Exhibit A to this Mortgage (the "Property"). This Mortgage is given on the statutory condition (except in Florida). If the Property is located in New York, Lender's rights under this Mortgage are in addition to, and not exclusive of, rights conferred under Sections 254, 271, 272 and 291-F of the New York Real Property Law.

PROPERTY UNDER MORTGAGE

The Property includes: all improvements erected on the Property; all of Borrower's rights and privileges to all land, water, streets, and roads next to and on all sides of the Property (called "easements, rights, and appurtenances"); all rents from the Property; all proceeds (to the extent necessary to repay the amount Borrower owes) from the Property, including insurance proceeds and proceeds from the taking of all or any part of the Property by a government agency or anyone else authorized by law; and all property and rights described above that Borrower acquires in the future.

OWNERSHIP OF PROPERTY

Borrower promises that Borrower lawfully owns the Property and has the right to mortgage, grant and convey the Property, and that there are no claims or charges (called "encumbrances") against the Property, except for encumbrances disclosed to Lender. Borrower is fully responsible for any losses Lender suffers because someone other than the Borrower has some of the rights in the Property that the Borrower claims, and Borrower will defend Borrower's ownership of the Property against any such claim of rights.

Borrower and Lender covenant and agree as follows:

Payment of Principal, Interest, and Other Charges. Borrower shall promptly pay, when due, the principal and interest indebtedness secured by the Mortgage and any other charges due under the Note. (PA customers only, including a late fee in the amount of $ _____ for each late payment).

43- 23
4c

Page 1 of 6

EXHIBIT A     30957   204
TO
MORTGAGE

**Date of Mortgage:**
02/25/03

**Borrower(s)/Mortgagor(s):**
ANTHONY F. WHITE

**Mortgagee:**
FLEET NATIONAL BANK,
PRINCIPALLY LOCATED IN RHODE ISLAND

**Property Address:**
30 FRANKFORT ST ;        E BOSTON, MA
02128

The Property is located in __E BOSTON__ (city/town), __SUFFOLK__ (county),

__MASSACHUSETTS__ (state) and is bounded and described as follows:

(See "Schedule A" attached hereto and made a part hereof.)

Remit all Legal Documents to: -------------- Fleet Bank
Consumer Loan Operations
315-M7 Court Street
P.O. Box 3092
Utica, NY 13502

Pennsylvania Certification of Residence
I hereby certify that the precise residence of the Mortgagee,

is: _____

Printed Name and Address of Person Who Prepared This Mortgage:

Name: _____

Address: _____

City, ST, Zip: _____

Name _____

Title _____

Loan No:1063168

## DISCHARGE OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that
NATIONAL CITY MORTGAGE CO. DBA COMMONWEALTH UNITED MORTGAGE
COMPANY
a corporation existing under the laws of the state of OHIO
and having its principal place of business at
3232 NEWMARK DR.
MIAMISBURG, OH 45342
is the owner of a certain Indenture of Mortgage, bearing the date
of 04/02/02, made and executed by:
ANTHONY F WHITE
as mortgagor(s) to
NATIONAL CITY MORTGAGE CO. DBA COMMONWEALTH UNITED MTG. CO.
as mortgagee, and recorded in the Office of the register of Titles
and County Recorder in and for the County of SUFFOLK  and
State of Massachusetts in Mortgage Book 28329  , Page 164
Document No 473               (and noted on the Certificate of Title No.
                                  ), is, with the indebtedness
thereby secured, fully paid and satisfied.
commonly known as:32 FRANKFORT ST
                  EAST BOSTON, MA 02128
The register of Titles and said County Recorder is hereby authorized
and directed to discharge the same upon the record thereof, according
to the statute in such case provided.

In Testimony Whereof, the said corporation has caused these present
to be executed in its corporate name by its
Vice President
and its corporate seal to be hereunto affixed
this  6th day of May, 2003                          (seal)
NATIONAL CITY MORTGAGE CO. DBA COMMONWEALTH UNITED MORTGAGE
COMPANY

BY:
    Steve Rogers
    Vice President

STATE OF FLORIDA                    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me
this 23rd day of December, 2003        , by Steve Rogers
of NATIONAL CITY MORTGAGE CO.
a corporation, on behalf of the corporation and that execution was
done freely and voluntarily.

Mary Jo McGowan
Notary Public/Commission expires 07/30/2007
This instrument was prepared by:
    T.Temple/NTC,2100 Alt 19 N., Palm Harbor, FL 34683
When recorded mail to:
Thomas Temple
Nationwide Title Clearing
2100 Alt 19 North
Palm Harbor, FL 34683

NCRCN KS 23717

MARY JO MCGOWAN
Notary Public State of Florida
My Commission Exp. July 30, 2007
No. DD 0228404
Bonded through (800) 432-4254
Florida Notary Assn., Inc.

December 19, 2003


Anthony F White
32 Frankfort St
East Boston MA 02128


RE:   Loan No. 106316-8
      32 Frankfort St
      East Boston MA 02128

Dear Customer:

This letter is to confirm that the referenced mortgage loan has
been paid in full.  National City Mortgage is responsible for
releasing the lien on this property.

If you have any questions regarding the payoff, please call one
of our Customer Service Representatives at 1-800-822-5626.


Sincerely,

Customer Service Department


CR226
JOI