UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCIS WHITE, et al. | Criminal No. 03-CR-10356-MLW |

## MEMORANDUM IN RESPONSE TO COURT ORDER
## DATED MAY 7, 2004

On February 26, 2004, this Court issued a scheduling order which stated, in part, that "Counsel shall confer and any discovery motions shall be filed by April 23, 2004." On April 26, 2004, counsel filed an Assented to Motion for Extension of Time for Filing of Discovery Motions; that motion provided the genesis for the current issues that this Court has asked defense counsel to address.

In its Memorandum and Order dated May 7, 2004, this Court invited counsel to file a memorandum in support of the affidavits they were ordered to file. Below, counsel for Francis White briefly address the issue of whether criminal contempt proceedings are permissible and/or necessary.

With all due respect to this Court, counsel submits that contempt proceedings are not warranted because the filing of the motion was not inappropriate. As explained in the Affidavit of Richard M. Egbert (submitted herewith) the additional time was requested for many reasons, including the need for time to review and analyze the voluminous

discovery produced so far, as well counsel's obligations to other clients in other pending cases. Moreover, as explained in the affidavit, counsel for Mr. White has in fact identified and discussed some of the discovery issues with the prosecution.

Given the circumstances presented here, criminal contempt proceedings are not warranted. Indeed, cases involving criminal contempt proceedings against counsel are far different from the present situation, where counsel did nothing more than file a single motion asking for an extension of time. *See, e.g., United States v. Flemmi*, 233 F.Supp.2d 75 (D.Mass. 2000)(requiring prosecution to show cause why sanctions should not be imposed and/or criminal contempt proceedings initiated where prosecution was alleged to have violated <u>numerous</u> rules, regulations, and a protective order regarding pretrial publicity on <u>numerous</u> occasions); *In re Holloway*, 995 F.2d 1080 (C.A.D.C. 1993)(upholding criminal contempt against attorney who <u>repeatedly</u> violated Court's orders); *United States v. Briscoe*, 839 F.Supp. 36 (D.C. Cir. 1992)(affirming summary criminal contempt where attorney willfully and <u>repeatedly</u> defied Court's orders).[1]

Moreover, as explained in the Affidavit submitted herewith, in other cases in this District, defense counsel, including the undersigned, have frequently asked for, and been granted, extensions similar to the one requested here by various United States Magistrate Judges, who typically oversee the discovery phase of criminal proceedings.

---

[1] Should this Court ultimately find that the filing of the Assented to Motion for Extension of Time for Filing of Discovery Motions was inappropriate and/or in violation of a court order, this Court may – in accordance with the Federal Rules governing discovery – issue sanctions. *See, e.g.,* Fed.R.Crim.P. 16(d)(2)("If a party fails to comply with this rule, the court may: (a) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (b) grant a continuance; (c) prohibit that party from introducing the undisclosed evidence; or (d) enter any other order that is just under the circumstances.")

2

For these reasons, and for the reasons set forth in the Affidavit of Richard M. Egbert, counsel for Mr. White respectfully request that this Court not initiate criminal contempt proceedings.

RESPECTFULLY SUBMITTED,
FRANCIS WHITE

By his attorneys,

_____
Richard M. Egbert, BBO 151800
Patricia A. DeJuneas, BBO 652997
Law Office of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA 02110
(617) 737-8222

## CERTIFICATE OF SERVICE

I, Richard M. Egbert, hereby certify that I have caused a copy of the foregoing document to be served on Assistant United States Attorney Colin Owyang, Attorney Kevin Reddington and Attorney Robert George by first class mail, this 11th day of May, 2004.

_____
Richard M. Egbert