UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY



## AFFIDAVIT OF ATTORNEY KEVIN J. REDDINGTON

I, Kevin J. Reddington, Esq. being first duly sworn, depose and say that;

1.) I am an attorney licensed to practice law in the Commonwealth of Massachusetts and I am also licensed to practice law in the United States District Court. My BBO # is 414160.

2.) I am filing this affidavit in response to the Order of this Court, Hon. Mark L. Wolf, issued on May 7, 2004.

3.) I was present on February 24, 2004 when the Court set forth the schedule for the ensuing phase of the case of **United States of America vs. Frederick A. Simone**, **Vincent Gioacchini** and **Francis White**.

4.) I received a copy of the Court Order of February 26, 2004 directing that counsel shall confer and any discovery motions shall be filed by April 23, 2004.

5.) I was also aware that the status conference was scheduled for May 6, 2004 at 3:00 p.m.

6.) On April 26, 2004, I filed a motion captioned "Assented to Motion for Extension of Time for Filing of Discovery Motions." The motion was signed by my secretary at my direction. My secretary's name is Laura A. Mather and her initials appear as "lam" below the signatures of Richard Egbert, counsel for defendant Francis White, Robert George, counsel for defendant Vincent Gioacchini and Assistant United States Attorney Colin Owyang.

7.) I was aware that we were under obligation to confer and file discovery motions by April 23, 2004.

8.) On or about April 21, 2004 I received, by mail, a delivery of voluminous transcripts pertaining to discovery on this case. These transcripts were delivered to my office as a courtesy by Assistant United States Attorney Ernest S. DiNisco. Attorney DiNisco had contacted me prior to the 21st and inquired as to when I was going to pick up the transcripts. Attorney DiNisco had communicated with me prior to that date I believe by writing to advise that they were available for me to pick up. I did not pick up the transcripts and, as indicated, he was kind enough to mail them to my office.

9.) I knew that the discovery on this case would be voluminous and I knew that motions were due by the 23rd.

10.) Attorney DiNisco and Attorney Owyang spoke with me on a number of occasions prior to the receipt of the transcripts on April 21st. At no time, however, did I engage in meaningful discussions regarding discovery. At all times I intended to

file, through letter practice requests for discovery and/or discovery motions in accordance with the Order of this Court.

11.) A request was made to extend the deadline for the filing of discovery motions and conferencing of counsel regarding discovery for a period of sixty days. Attorney Egbert suggested that I should file the motion since he had filed motions on this case in the past, especially in state court. I readily agreed to do so and told Attorney Egbert that I would contact Assistant United States Attorney Owyang and see if there would be an assent.

12.) On or about Thursday, April 22, 2004 I did speak with Assistant United States Attorney Owyang who, once again, as a courtesy consulted his schedule and indicated that he would be able to assent to this request for a sixty-day extension.

13.) I then contacted Attorney Robert George and advised him of the motion to be filed and he expressed his desire to join with us on the motion.

14.) I then directed my secretary, Laura Mather, to prepare and file a motion.

15.) The motion that was filed was prepared by my secretary in accordance with my instructions to obtain this continuance. The regrettable use of the word "counsel" indicating plural as well as defendants in the possessory sense and the word "have" again indicating multiple defense counsel was not dictated by me but was prepared and filed by my secretary.

16.) I did not review the motion once I obtain the assent of counsel to file the same. I expected that it would be filed in accordance with the Order of the Court by April 23rd. In fact, it was mailed and received apparently by the Court on April 26th.

17.) The preparation and filing of the motion was my responsibility and mine alone. At no time did I ever intend to mislead the Court by suggesting or intimating that co-counsel had not received transcripts which they apparently had received from the government prior to the preparation of the motion. Further, the receipt of the voluminous transcripts by my office on or about April 21st was through no fault of any counsel other than myself. As indicated, government counsel kindly forwarded the documents to me through the mail.

18.) Not by way of excuse but just by way of explanation I was out of the country from March 7 until March 14, 2004. I had motions in Brockton Superior Court on a murder case and a rape case and the balance of the week was taken up through my attention on Tuesday, March 16, 2004 at a Parole Hearing on behalf of a client, Charles Delancy, who was considered for and was subsequently granted parole on a second degree murder charge.

19.) I subsequently, on the 16th, had to appear in Hingham District Court on motions on a drug case and a kidnapping charge. On March 17, 2004 I empanelled a jury in Brockton Superior Court before Hon. Linda Giles which was tried through March 19, 2004.

20.) I had numerous motions on many matters including an appearance in this Court on **United States vs. Michael Vinal** and an average of three cases per day in the various state courts. In addition, on March 30, 2004 I engaged in a lengthy change of plea hearing that occupied most of the day on a double homicide in Dedham Superior Court (**Commonwealth vs. Corey Scanlon**).

21.) On Thursday, April 1, 2004 I was on trial in Quincy District Court on the matter of **Commonwealth vs. Mark Sullivan** with three other matters on the list as well. On Friday, April 2, 2004 I appeared in New Bedford Superior Court before Hon. Robert Kane on armed robbery charges (specially assigned) (**Commonwealth vs. Patrick Dolan**).

22.) On the following week I had numerous matters in Fall River District Court and the Boston Municipal Court and appeared in this Court on the matter of **United States vs. Daniel McAuley** in the afternoon. From Tuesday, April 6, 2004 through Friday, April 9th I appeared in various state courts on numerous matters, included as well my attendance as trial counsel interested in the appeal in the First Circuit on the matter of **United States vs. James McCormack**.

23.) I was engaged the week of April 12th through Friday, April 16th once again with on average three matters per day in the state courts including Hingham District Court, Taunton District Court, Malden District Court, Wareham District Court and Fall River District Court.

24.) On April 21st I was back before Judge Kane in New Bedford Superior Court on the matter of **Commonwealth vs. Patrick Dolan** and appeared in Brockton Superior Court on a number of matters including a bail review. Due to the scheduling on that date, ten cases scheduled in the Brockton District Court were continued.

25.) On April 22nd, the date that I spoke with various counsel, I had the matter of **Commonwealth vs. George Ducas** in the Edgartown Jury Session and on Friday,

April 23rd I had to appear in Suffolk Superior Court on the matter of **Commonwealth vs. Ablode Ahiahornu** charging murder in the first degree.

26.) On Monday, April 26, 2004 I empanelled a jury in Dedham on the homicide trial of **Commonwealth vs. Albert Kendall** which reached jury verdict on April 29th. On Friday, April 30th I was scheduled to appear before Hon. Robert Kane on a change of plea on the matter of **Commonwealth vs. Richard Bonneau** but had to appear in Wareham District Court by order of District Court justice on the matter of **Commonwealth vs. Kris Holmgren.**

27.) On Monday, May 3, 2004 I empanelled a jury in front of the Hon. Gary Nickerson in Barnstable Superior Court on the matter of **Commonwealth vs. Robert Therrien** charging arson which matter is still on trial and is expected to go to the jury on Wednesday, May 12, 2004.

28.) I readily acknowledge my responsibility for failing to file an affidavit in support of the motion for extension of the discovery order in this Court as required by the Rules of the Court.

29.) At no time did I intend to act in a fashion that was be an affront to the Court, especially with the failure to file the motion before April 23rd which, as the Court noted, deprived the Court of the ability to deny the motion if it was not meritorious. For this deficiency I again acknowledge responsibility and extend apologies to the Court.

30.) I do aver that at no time did I intend to mislead this Court nor would I ever mislead a Court for any purpose. As indicated, I acknowledge my responsibility and by way of mitigation state that I was trying to accommodate all counsel and

felt that on many occasions regarding discovery matters many times the magistrates will allow counsel to agree to matters such as these.

31.) I express my apology to the Court and reiterate that at no time would I ever act in a contumacious fashion by neglecting, failing or in any fashion not complying with an Order of this Court.

32.) I extend a formal apology to this Court as well as counsel in the event I overstepped by bounds as an attorney and an officer of this Court and, as indicated, accept all responsibility for whatever Order of sanction this Court deems appropriate.

33.) Finally, I assure the Court that the Court should not be concerned about my willingness to obey its orders in the future if criminal contempt proceedings are not now instituted and I do request that the Court would allow me the opportunity to conform to the Court's orders regarding discovery in all respects in the ensuing proceedings.

Signed under the pains and penalties of perjury this 12th day of May, 2004.