UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR FRANKS HEARING
AND MOTION TO COMPEL DISCLOSURE OF INFORMANT
STATUS OF PURPORTED TARGETS**

In the course of this lengthy investigation, a number of applications for various types of intrusive electronic surveillance were submitted to Massachusetts Superior Court Judge Margot Botsford (reference appendix in support of motions to suppress Nos. 1-3).

The initial list of targets was set forth as Simone, John DeMarco, Francis White and <u>Vincent Roberto</u>. This list was then expanded to include <u>Michael Dezotell</u>, Joseph Salvati, Robert Nardolina, Adolfo Bruno, Matthew Gugliemetti, Joseph Rosato and Anthony Musto.

In his submission, affiant Russolillo states that it is his belief that the best means to identify, apprehend and prosecute the targets and members of the organization is through electronic surveillance. He alleged that none of the confidential informants were able to sufficiently penetrate the organization and knew of "no person willing to assist" law enforcement. He further stated that law enforcement could not attempt to persuade any of Simone's associates to cooperate in normal investigative techniques.

The defendant submits that two of the alleged targets were, in fact, most likely informants that were cooperating with the government.

**VINCENT ROBERTO**-

There is good case to believe that Roberto was, in fact, working with law enforcement. In support, affidavits of Attorney Pamela Harris-Daley and Attorney Patricia DeJuneas that were prepared and submitted to the state court (annexed hereto in support of this motion) reveal the significant factual basis of this request.

The Harris-Daley affidavit reveals that shortly after the initial issuance of the electronic surveillance warrant, Miriam Roberto, Roberto's wife, told Harris-Daley that her husband, Vincent Roberto, was a "rat." Further, she stated that she believed he was an informant because he introduced her to several FBI agents as "his friends."

The DeJuneas affidavit raises concerns that when Roberto was arrested in Florida in the summer of 2000 by federal authorities assisted by Massachusetts State Police officers, a massive seizure of his property was commenced and threats to arrest his wife and daughter were made. The ultimate issue was resolved through payment of a $30,000.00 fine. No prosecution of family members ensued.

**MICHAEL DEZOTELL**

Further, the Harris-Daley affidavit notes that Michael Dezotell alleged to be a target of the September 19, 2000 investigation stated to her in the summer of 2000 that he had provided information to law enforcement officers. He was allegedly intoxicated and stated that he was "with the FBI."

**ARGUMENT**

Before law enforcement can obtain permission to use the intrusive electronic surveillance tools, the affiant must show that a good faith effort to utilize "normal investigative techniques" was tried and failed or were not likely to succeed. **United States vs. Ashley**, 876 F.2d 1069 (1st Cir. 1989). Full and complete disclosure of the information known to the government pertaining to necessity must be made. **United States vs. Mastroianni**, 749 F.2d 900 (1st Cir. 1984).

There is a reasonable likelihood that material misrepresentations were made in the instant affidavits to material facts central to the issues of probable cause. This Court should inquire of these individuals because if they were, in fact, informants not only was there a material withholding of significant evidence impacting on the purported failure of investigative techniques but also calls into question the representation of the purported reluctance of informants to cooperate with law enforcement or permit disclosure of their identity. **Franks vs. Delaware**, 438 U.S. 154, 57 L.Ed.2d 667, 98 SCt. 2674 (1978). A Franks hearing is required where the defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included in the affidavit and if the allegedly false statement is necessary to the finding of probable cause. **United States vs. Rivera-Rosario**, 300 F.3d (1st Cir. 2002). The standard in this Circuit for permitting a hearing on the Franks request has been set forth in **United States vs. Alicea**, 205 F.3d 480 (1st Cir. 2000) and **United States vs. Adams**, 305 F.3d 30 (1st Cir. 2002). See also **United States vs. Santana**, 342 F.3d 60 (2004).

This Court should determine that these facts are material and cut to the heart of the issue of whether the necessity requirement was, in fact, met. In **United States vs.**

**Salemme**, 91 F.Supp. 2D 141 (D.Mass 1999) rev'd on other grounds, 225 F3d 78 (2000), the affiant stated that it would be only through electronic surveillance that competent evidence of the offenses under investigation would be obtained. In **United States vs. Salemme** at 978 F.Supp. 348, the confidential "informants" were, in fact, named as targets as well. The cooperation of these informants was not revealed to the issuing judge. This practice was clearly not condoned.

The Court determined that had the issuing judge known of the participation of the target as an informant, he most likely would not have issued the warrant. The Court held;

> [K]nowledge that the FBI had tacitly approved Flemmi's participation in illegal gambling would, arguably, have caused a reasonable judge to have denied the 1984 and 1985 requests for electronic surveillance that was purportedly intended, in meaningful measure, to obtain evidence of Flemmi's gambling activity.
>
> Moreover, if the fact that Flemmi was providing information about the criminal activity of others had been disclosed in the applications, a reasonable judge would arguably have asked for additional testimony and/or documentary evidence to determine whether Flemmi voluntarily, or if immunized and compelled to testify…would provide some of the evidence regarding other targets that the government repeatedly represented electronic surveillance was essential to obtaining.
>
> The possibility that a judge would have refused to authorize the requested electronic surveillance would have plainly been increased if Bulger was also then an informant and the judge had been so informed.

Thus, the Court held the defendants were entitled to a <u>Franks</u> hearing.• There is no reason to treat the instant case differently. To be sure, not only did the

---

• Ultimately, in **Salemme II**, the Court granted the defendants' motion to suppress, finding that;
> [T]he affiant and applicant did not believe a central message of their submission to the court…--that the requested electronic information was necessary to the FBI's effort to develop a prosecutable case against Bulger, Flemmi, Kaufman and others for illegal gambling and other Title 18 offenses. Rather, [the affiant and applicant] believed that Flemmi and Bulger were FBI informants whom the Bureau would seek to protect rather than prosecute. They, for good reasons and correctly, did not expect the FBI to conduct an investigation of Bulger, Flemmi or their colleagues. Yet, with at least reckless

misrepresentations amount to fraud on the Court, but knowledge that investigators had, in some instances, tacitly approved Roberto and/or Dezotell's criminal conduct undermines any need to monitor communications to which they were parties.  Indeed, if either Roberto or Dezotell were cooperating, the State Police could have avoided the "necessity" of wiretapping simply by wiring their cooperating witness and recording their conversations with Simone or other targets.

This case goes even beyond the facts of **Salemme**.  Here, the government could have simply wired Roberto or Dezotell instead of surreptitiously recording their conversations with Simone.  If the police had done this, there would have been no need for electronic eavesdropping.  See, e.g., **Commonwealth vs. Penta**, 32 Mass. App. Ct. 36, rev. denied, 412 Mass. 1103 (1992) holding that secret recording of informant and defendant was not an interception protected by wiretap statutes); **Commonwealth vs. Davis**, 407 Mass. 1001 (1990).

Moreover, it is entirely possible, if not probable, that Dezotell's many conversations with Simone were scripted by the government.  Surely a conversation directed by a government agent is not nearly as credible as one in which targets were unaware that the police were listening and true, legitimate communications of a criminal nature were made between unsuspecting co-conspirators.

This Court should not "tolerate the willful or reckless submission of misleading or incomplete information in support of an application to conduct electronic surveillance. The government will not have met its burden of justifying this intrusive technique, unless

---

disregard for the truth, [the affiant and applicant] filed an application and supporting affidavit which communicated this fundamentally misleading message.

its agents have been candid…" **In re Application for Interception of Wire Communications**, 2 F.Supp. 2d 177, 179 (D.Mass. 1998).

It is clear that the defendants have made a substantial preliminary showing that a false statement was knowingly or recklessly made with disregard for the truth and that the statement was material to a finding of probable cause. **United States vs. Graham,** 275 F3d 490 (6th Cir. 2001), cert. denied, 2002, W.L. 4590 (U.S. 2002).

This Court should consider holding an in-camera hearing to determine whether the defense has made the requisite threshold showing. **United States vs. Hayes**, 13 Fed. Appx 708 (9th Cir. 2001), cert. denied, 122 S.Ct. 504 (U.S. 2001). Central to this motion seeking a Franks hearing is the issue of whether Dezotell and Roberto were, in fact, informants. Therefore, the defense requests that this Court order disclosure by the government of the informant status of these two individuals as well as disclosure of any promises, rewards or inducements extended by any law enforcement officer or agent preliminary to any Franks hearing.

Neither the Fourth Amendment nor Title III permit the government to make false or misleading misrepresentations to a Court in order to protect the confidentiality of its informants. **United States vs. Salemme**, 91 F. Supp. 2d 241 (D. Mass. 1999), rev'd on other grounds, 225 F3 78 (2000). See also **United States vs. Aileman**, 986 F. Supp. 1228 (N.D. Cal. 1997).

By withholding information as to the identity of informants, significant due process issues are presented that should be explored through an evidentiary hearing.

WHEREFORE request is made that this Court;

1.) Order the government to disclose any exculpatory evidence including any promises, rewards, inducements, including charge concessions made by the government, its agents and officers to either <u>Roberto</u> and <u>Dezotell</u> or any other named "target;"

2.) Order a full evidentiary hearing to determine whether a failure to fully and accurately set forth the facts in the affidavits submitted to the Court in support of the application for electronic surveillance occurred;

3.) For whatever relief the Court believes is appropriate to insure that due process concerns are met in conjunction with the issuance of these electronic surveillance warrants.

Frederick Simone
By his attorney

/s/Kevin J. Reddington

Francis White,
By his attorney

/s/ Richard M. Egbert, Esq.

Vincent C. Giocchini,
By his attorney

/s/ Robert George, Esq.