UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCIS WHITE | Criminal No. 03-CR-10356-MLW |

**ASSENTED TO MOTION TO ALLOW RELEASE PENDING
SENTENCING AND SELF-REPORT DATE**

The Defendant, Francis White, respectfully requests that this Court allow him to remain released pending sentencing and self-report date.[1] **The prosecution assents to this motion.** In support, Mr. White states as follows:

**PROCEDURAL HISTORY**

After the grand jury indicted Mr. White, the prosecution filed a motion for pretrial detention. At the detention hearing, however, the prosecution's sole witness conceded that, although he had interviewed "dozens" of witnesses in connection with the investigation giving rise to the indictment, not a single person claimed to have been harmed and/or directly threatened by Mr. White.

Following the hearing, United States Magistrate Judge Joan Alexander denied the prosecution's motion, finding that "there is not a scintilla of evidence that [Mr. White] committed … incidents of …violence and intimidation…." (Order dated 12/22/03). Magistrate Judge Alexander further found that Mr. White was not a flight risk, nor did he present any risk of danger to the community. (Id.) As such, she ordered that Mr. White

---

[1] See 18 U.S.C. § 3143(a)(2).

1

be released, subject to certain conditions (i.e., travel restrictions, reporting to Pretrial Services, and the posting of a $500,000.00 bond, secured by his son's real property).

Since his release, Mr. White has abided by each and every term of his release. In fact, this Court has granted several motions to modify the terms of Mr. White's release, permitting him to, inter alia, travel to Puerto Rico, travel to and from New Hampshire and Maine without prior approval, and reduce the number of times Mr. White was required to report to Pretrial Services from three times per week to just one time per week.

At the present time, Mr. White has several motions pending before this Court, including motions to suppress evidence seized pursuant to search and wiretap warrants, and a motion for a Franks hearing. Under the scheduling order currently in place, the prosecution's oppositions to those motions are due by November 23, 2004, and a hearing on the motions is scheduled for December 16, 2004.

As this Court knows, Mr. White recently agreed to plead guilty to several counts of the indictment. A change of plea date has not yet been set.

Pursuant to calculations made by Mr. White and the prosecution under the Sentencing Guidelines, he is facing a Guideline sentence of 27-33 months; the prosecution has agreed to recommend a sentence at the low end of whatever Guideline range this Court deems appropriate. Of course, before this Court can sentence Mr. White, the Probation Office must interview Mr. White, conduct its investigation, make its own Guidelines calculations, and issue its Presentence Report ("PSR").

**ARGUMENT**

As set forth above, Magistrate Judge Alexander previously found that Mr. White is not a danger to the community and does not present a risk of flight (and the prosecution

currently agrees with those findings). As to Mr. White's conduct giving rise to the pending charges, the prosecution agrees that Mr. White never committed a violent act, nor did he threaten anyone. And, Mr. White has no prior convictions.

Further, set forth in his Motion for Pretrial Release, Mr. White is widely regarded as a man of great character, kindness, and generosity. Indeed, he provided the Court with many letters of support from family, friends, and members of the community, each writer supporting Mr. White's release into the community. Moreover, Mr. White is strongly devoted to his family, and spends much time with his young son and elderly mother. Even the prosecution agrees he presents no risk of flight.

For these reasons, Mr. White respectfully requests that this Court allow him to remain released pending sentencing and self-report date. In the alternative, Mr. White will seek to have Probation issue a pre-sentencing PSR. However, if the Court chooses that option, he will have no choice but to litigate the motions currently pending before this Court. In other words, until and unless this Court accepts Mr. White's plea, he must continue to defend himself against the pending charges. Because it is doubtful that Probation will have sufficient time before the currently scheduled hearing to conduct its investigation, this alternative is impractical and inefficient for this Court, and is not in the interests of justice.

WHEREFORE, Defendant Francis White respectfully requests that this Court grant his Motion to Allow Release Pending Sentencing and Self-Report Date.

                                            Respectfully submitted,
                                            FRANCIS WHITE,
                                            By his attorneys,

                                            _/Richard M. Egbert/_____
                                            Richard M. Egbert
                                            BBO # 151800
                                            Patricia A. DeJuneas
                                            BBO # 652997
                                            99 Summer Street, Suite 1800
                                            Boston, MA 02110
                                            (617) 737-8222

Assented to:


_/Ernest DiNisco by Richard Egbert/_____
Ernest DiNisco, AUSA
United States Attorney's Office
1 Courthouse Way
Boston, MA  02210



**CERTIFICATE OF SERVICE**

     I, Richard M. Egbert, hereby certify that on November 18, 2004, I caused a copy of the forgoing to be served by first class mail, postage prepaid, upon Ernest DiNisco, Assistant United States Attorney, and Heidi Brieger, Assistant United States Attorney.


                                            __/Richard M. Egbert/_____
                                            Richard M. Egbert