```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA    )
                            )
            v.              )   Criminal No. 03-10356-MLW
                            )
FRANCIS WHITE               )
                            )
```

**GOVERNMENT'S RESPONSE TO PETITIONER'S
EMERGENCY MOTION FOR FURLOUGH**

The government hereby opposes and seeks dismissal of the post-conviction motion of petitioner Francis White ("White") on the grounds that this Court lacks jurisdiction to grant the relief requested. Although styled as an Emergency Motion for Furlough, petitioner's motion requests temporary release from custody and is controlled by federal statutes, administration of which is vested in the unfettered discretion of the Bureau of Prisons ("BOP").

**I.   Procedural History**

On November 21, 2003, a federal grand jury returned an indictment charging Francis White with RICO, in violation of 18 U.S.C. § 1962(d) (Count 1); RICO, in violation of 18 U.S.C. § 1962(c) (Count 2); Conspiracy, in violation of 18 U.S.C. § 371 (Count 10); Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952 (Count 12); Making Extortionate Extensions of Credit in violation of 18 U.S.C. § 892(a) (Counts 27, 29, 31, 33, 35, 37); Collections of Extensions of Credit by

Extortionate Means, in violation of 18 U.S.C. § 894(a) (Counts 28, 30, 32, 34, 36, 38).  The defendant pleaded guilty on December 3, 2004, to Counts 1-2, 12, and 29-32 and was sentenced on March 2, 2005, to 30 months imprisonment to be followed by a 36 month term of supervised release with a fine of $30,000 and special assessments of $700.  On March 8, 2005, Counts 10, 27-28, and 33-38 were dismissed.

On April 25, 2005, White began serving the sentence for which he is presently incarcerated at the prison camp at the United States Penitentiary (USP) in Lewisburg, Pennsylvania.

White filed his Emergency Motion for Furlough on May 31, 2006, and this Court ordered an expedited response from the government by the close of business June 6, 2006.

## II.  Argument

White's motion is devoid of any statutory or other legal basis for the Court to grant the relief sought.  Final judgment in the criminal case has been entered, and the case has ended.  As explained below, this Court lacks any authority to grant the relief sought, whether in its capacity as the sentencing court, a court undertaking judicial review of agency action, or upon consideration of a petition under 28 U.S.C. § 2255 or 2241.

### A.   The Sentencing Court Lacks Authority to Grant White's Motion

Under 18 U.S.C. § 3622(a)(1) and (2), the Bureau of Prisons is charged with the discretion over whether to temporarily

release a prisoner for the purpose of visiting a dying relative or attending a relative's funeral.  The Bureau of Prisons has delegated this discretion to the warden of the particular institution in which the prisoner is incarcerated.  See 28 C.F.R. § 570.32(a)(1) ("The authority to approve furloughs in Bureau of Prisons institutions is delegated to the Warden or Acting Warden.  This authority may not be further delegated.").  Moreover, "[a] furlough is not a right, but a privilege granted an inmate under prescribed conditions. . . ."  28 C.F.R. § 570.30.  Courts therefore have held that, "it is apparent that the regulations were not intended to create any entitlement to a furlough under any circumstances." Gilliam v. Quinlan, 608 F. Supp. 823, 834 (S.D. N.Y.1985); accord Karacsonyi v. Radloff, 885 F. Supp. 368, 370 (N.D. N.Y. 1995) (same).  Accordingly, neither this Court, nor any other court, has jurisdiction to grant a prisoner a furlough from prison.

   Nor does any other provision of Title 18 grant such authority to this Court.  Title 18 imposes strict limitations on the authority of the sentencing court to grant post-judgment relief to prisoner.  A district court is authorized to modify a sentence under 18 U.S.C. § 3582(c).  But White's motion is not one seeking to modify his sentence, and his request for a furlough plainly does not fall within the scope of section 3582(c).  Moreover, the statute provides that a court may not

modify a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A)(I). The Seventh, Ninth, Tenth, and Eleventh Circuits have held that the determination of the Bureau of Prisons not to move for a sentence reduction is conclusive, and that, absent such a motion, the district court has no authority under § 3582 to modify a sentence. United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997); Fernandez v. United States, 941 F.2d 1488, 1492 (11th Cir. 1991); Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990); Turner v. United States Parole Comm'n, 810 F.2d 612, 618 (7th Cir. 1987); see also United States v. Myers, 375 F.Supp.2d 1293 (D.N.M. 2005); United States v. Johnigan, 2002 WL 31928438 (D. Kan. 2002).[1]

---

[1] The authority of a District Court to alter a valid sentence is limited to authority conferred by federal statute. United States v. Zsofka, 121 F.3d 696, 1997 WL 440452 (1st Cir. 1997) (unpublished), cited in United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001)(district court lacks jurisdiction to reconsider and impose a modified term of imprisonment absent express authority); United States v. Blackwell, 81 F.3d 945 (10th Cir. 1996)(modification of sentence authorized "only in specific instances where Congress has expressly granted the court jurisdiction to do so"). The Court has no inherent authority to modify a sentence. United States v. Ross, 245 F.3d at 586; United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994)(authority to change a sentence must derive from federal statutory authority).

The only other potential source of jurisdiction in this court is 28 U.S.C. § 2255.  However, this statute is inapplicable to White's motion.  Under section 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

White's motion makes no claim of right under this statute. Clearly the denial of furlough to an otherwise lawfully imprisoned inmate does not state a claim under § 2255.  The Supreme Court has made it clear that § 2255 may be used only to challenge the validity of the final judgment, and not to attack subsequent actions of the Attorney General.  See United States v. Addonizio, 442 U.S. 178 (1979) (holding that § 2255 does not confer jurisdiction on the sentencing court to consider a prisoner's challenge to the Parole Commission's denial of parole); Thompson v. United States, 536 F.2d 459, 460-461 (1st Cir. 1976) ("§ 2255 does not grant jurisdiction over a post-conviction claim attacking the execution rather than the imposition or illegality of a sentence"); see also United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989); Miller v. United

States, 564 F.2d 103, 105 (1st Cir. 1977),; United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976).

> **B.  This Court Lacks Jurisdiction to Review the Validity of the Bureau of Prisons' Denial of White's Request for Furlough**

As a general rule, the district courts are not authorized to sit in judgment over BOP decisions regarding placement or temporary release of prisoners. See, e.g., Thye v. United States, 109 F.3d 127, 130 (2d Cir.1997) ("Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons."); Falcon v. Knowles, 807 F. Supp. 1531, 1533 (S.D. Fla.1992) ("[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner--no matter how well justified on utilitarian grounds--collides with ... [BOP's] unfettered authority to decide where to house federal prisoners;); see also Cohen v. United States, 151 F.3d 1338, 1343-44 (11th Cir.1998) (discussing BOP's wide discretion to assign prisoners to any correctional facility, despite statutory factors).

As indicated above, 18 U.S.C. § 3622(a)(1) and (2) vests exclusive authority in the Bureau of Prisons to temporarily release a prisoner for the purpose of visiting a dying relative or attending a relative's funeral.  And there is no legal right

to a furlough under any circumstances.  Gilliam v. Quinlan, 608 F. Supp. at 834; Karacsonyi v. Radloff, 885 F. Supp. at 370.  Significantly, the statute has no provision authorizing a district court to review a BOP decision to deny furlough.  To the contrary, 18 U.S.C. § 3625 expressly withdraws any authority of the court otherwise available under the Administrative Procedures Act, 5 U.S.C. §§ 701-706, to review such decisions of the BOP.  Accordingly, 18 U.S.C. § 3622 does not permit judicial review of a BOP's decision to deny furlough.

### C. This Court Lacks Habeas Jurisdiction to Grant Relief Under 28 U.S.C. § 2241

There is no basis for converting White's motion to a habeas petition under 28 U.S.C. § 2241.  First, jurisdiction to afford relief under section 2241 lies only in the district in which the prisoner's custodian is located. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).[2]  Since White's custodian is located in the

---

[2] Accord United States v. DiRusso, 535 F.2d 673, 675 (1st Cir. 1976); Thompson v. United States, 536 F.2d 459, 460-61 (1st Cir. 1976); United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989).

Middle District of Pennsylvania, jurisdiction over any claim under § 2241 lies solely in that court.

Furthermore, section 2241 provides in part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." In this case White does not, and can not, make any viable argument that the denial of furlough results in a "violation of the Constitution or laws or treaties of the United States." As explained above, White has no statutory or regulatory right to a furlough under any circumstances. Similarly, he has no constitutionally protected liberty interest in a furlough. See generally, Sandin v. Conner, 515 U.S. 472, 484 (1995) (in the context of prison management systems, liberty interests protected by the due process clause "will be generally limited to freedom from restrain which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). 515 U.S. at 484. A prisoner's inability to obtain a furlough, for whatever reason, is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."

### D.   **White Has Failed to Exhaust His Administrative Remedies**

Even if all of the above jurisdictional defects were somehow ignored, White's motion cannot be considered because he has failed to exhaust his administrative remedies. See Affidavit of

Michael D. Tafelski, Deputy Regional Counsel, Federal Bureau of Prisons attached hereto as Exhibit 1. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), imposes a mandatory exhaustion requirement:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id. The PLRA was enacted to filter out frivolous prisoner claims regarding "prison conditions" by requiring the prisoner to first exhaust his or her available administrative remedies. See Booth v. Churner, 532 U.S. 731, 737 (2001).[3] The Supreme Court has observed that the mandatory exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S.

---

[3] Some courts have held that the PLRA does not apply to habeas petitions generally, on the theory that the PLRA was intended to address civil suits such as those brought under § 1983, whereas habeas petitions are not traditionally "civil" in nature but are unique. See Carmona v United States Bureau of Prisons, 243 F.3d 629 (2d Cir. 2001); Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000); McIntosh v. United States Parole Commission, 115 F.3d 809 (10th Cir. 1997); Zapata v. Scibana, 2004 WL 1563239 (W.D. Wis. July 9, 2004) (citing Skinner v. Wiley, 355 F.3d 1293 (11th Cir. 2004)); Monahan v. Winn, 276 F.Supp.2d 196, 204 (D. Mass. 2003) (Gertner, J.); see also Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997) (agreeing that the PLRA does not apply to habeas petitions).

516, 532 (2002). The fact that the prisoner perceives the administrative process to be futile will not justify a failure to exhaust administrative remedies. Booth, 532 U.S. 739. In Booth, a state prisoner brought a § 1983 action seeking compensatory damages alleging excessive force by prison guards in violation of the Eighth Amendment. Under the administrative process available to him, the prison authorities had no authority to award money damages; they did, however, have authority to take corrective actions against the responsible prison guards. The Court held that the prisoner was required to exhaust his administrative remedies, notwithstanding that no monetary relief was available. The Court, in analyzing the statutory language, concluded that "the word 'exhausted' has a decidedly procedural emphasis," and that the history of the statute "confirms the suggestion that Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." 532 U.S. at 738-739. "Thus," said the Court, "we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 741. The Court emphasized in a footnote that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at n.6. See Medina- Claudio v. Rodriguez-Mateo, 292 F.3d 31 (1st Cir. 2002) (concluding that administrative

remedies were "available" to prisoner at the time he filed his complaint and that there is no futility exception under the PLRA; therefore dismissal was appropriate).

Even apart from the PLRA, the common law doctrine of exhaustion requires that an inmate exhaust his administrative remedies before seeking judicial relief.  An inmate is required to exhaust the administrative appeals process before a petition for habeas relief is ripe for review.  Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990); United States v. Flanagan, 868 F.2d 1544, 1545 (11th Cir. 1989); see also Sayyah v. Farquharson, 382 F. 3d 20, 25 (1st Cir. 2004) (in a habeas case under the immigration laws, the court noted that the doctrine of common law exhaustion, "almost universally" premises judicial review upon the prior exhaustion of administrative remedies).

The principle of administrative exhaustion doctrine has several purposes:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors. . . . (citations omitted).

<u>Arias v. United States Parole Commission</u>, 648 F.2d. 196 (3d Cir. 1981).

Accordingly, a court lacks authority to review the claims of a habeas petitioner unless he has exhausted all the prescribed BOP administrative remedies.

**III. Conclusion**

For the foregoing reasons, this Court lacks jurisdiction to consider White's furlough motion, and the motion should therefore be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  <u>/s/ Ernest S. DiNisco</u>
     ERNEST S. DiNISCO
     Assistant U.S. Attorney

<u>**Certificate of Service**</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

        <u>/s/ Ernest S. DiNisco</u>
        ERNEST S. DiNISCO
        Assistant U.S. Attorney

Date: June 6, 2006